**FILED**
JUN 0 7 2002
MARY W. PROPES, CLERK
CHARLESTON SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES E. KERR, Sr. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>WILLIAM E. GUNN, JUDY A. BOLAND, )<br>JOSEPH P. HODGES, CARL N. LUNDBERG, )<br>C. DAVID BAXTER,  J. F. ELLIOTT, )<br>ORTON BELLAMY,  NELL C. QUARLES, )<br>)<br>)<br>And Other Unknown Members or Employees of )<br>the SC Board of Probation, Parole and Pardon )<br>)<br>Defendants. )<br>) | 2 02 1969-1 8<br><br>C/A NO. _____<br><br>COMPLAINT<br>(Denial of Civil Rights<br>Jury Trial Demanded) |

JURISDICTION

1.   James E. Kerr, Sr. is a citizen and resident of Berkeley County, South Carolina where he resided when the subject of this complaint arose.

2.   The acts and omissions of the Defendants, and each of them, which constitute this cause of action were in violation of Title 42, Section 1983 of the United States Code in that the said acts and omissions did deny Plaintiff his rights, privileges and immunities secured by the Constitution of the United States under color of state law.

3.   The acts and omissions of two or more of the Defendants made a conspiracy among the Defendants and that said conspiracy constitutes a cause of action in violation of Title 42, Section 1985(3) of the United States Code in that the said acts and omissions denied Plaintiff his rights, privileges and immunities secured by the Constitution of the United States under color of state law.

4. This court has jurisdiction of this cause of action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.

5. Each and all of the acts and omissions of the Defendants as alleged herein were done by them, and each of them, not as individuals, but under the color of and pretense of the laws and regulations, customs and usages of the State of South Carolina and under the authority of their offices as director, members, or employees of the South Carolina Board of Probation, Parole, and Pardon Services (hereinafter referred to as the Parole Board).

## FIRST CAUSE OF ACTION
### (FALSE IMPRISONMENT)

6. At all times concerned in this complaint, the Defendants were entrusted with public offices for the State of South Carolina that provided and cloaked their acts and omissions with the color of state law in their duties for the management, enforcement, and maintenance of parole services for the state of South Carolina including but not limited to assuring the observation and adherence of the rights of parolees of the state.

7. Since September 16, 1993, the Defendants or their predecessors acting as the Parole Board or its employees lawfully and appropriately released Plaintiff from prison custody and returned him to his freedom in the community on parole release whose requirements, conditions and terms the Plaintiff did not thereafter violate nor ever receive a citation for violating.

8. On or about July 12, 1995, the Defendants caused the Plaintiff to be arrested upon a false and erroneous warrant without legal or sufficient cause and summarily returned Plaintiff to prison when the Defendants and each of them knew, or should have known, that Plaintiff had in no way violated his parole.

2

9. In so returning Plaintiff to prison, Defendants failed and refused to assure and provide Plaintiff with due process protections of any kind as they were required to do by their official positions and the laws of the state of South Carolina and without more justification, cause or explanation than their own prior alleged mistake(s).

10. Defendants and each of them so denied Plaintiff due process as well as equal protection of the laws while so acting as Parole Board members and employees of the Board and thereby caused Plaintiff to be wrongfully imprisoned in one some or all of the following ways, among others:

a. Defendants so incarcerated Plaintiff without a proper statement of the basis for his arrest and immediate return to prison.

b. Defendants so terminated Plaintiff's fully compliant parole without the required number of Board members to legally act.

c. Defendants so acted to "rescind" Plaintiff's parole without legal authority to "rescind" paroles.

d. Defendants denied Plaintiff any right to counsel at the time of terminating his parole freedom.

e. Defendants denied Plaintiff any meaningful statement of the putative basis for their removing the Plaintiff from his parole freedom and returning Plaintiff to prison.

f. Defendants denied Plaintiff any meaningful hearing of the reasons for his return to prison.

g. Defendants denied Plaintiff any meaningful hearing with an appropriate quorum of the Parole Board.

3

h. On each occasion that Defendants knew, or should have known, that Plaintiff sought judicial review of his mysterious return to prison, Defendants failed and refused to see that Plaintiff was provided counsel.

i. On each occasion that Defendants knew, or should have known, that Plaintiff sought judicial review of his mysterious return to prison, Defendants failed and refused Plaintiff an adequate hearing of the legal issues of the Defendants' alternating legal positions that were the basis for so returning the Plaintiff to prison.

j. When Defendants knew, or should have known, that Plaintiff brought action for judicial review of his mysterious return to prison, Defendants failed and refused for years to submit their actual reasons for returning Plaintiff to prison, namely Defendants' admitted misinterpretation of the law of the State of South Carolina, and thereby needlessly extended Plaintiff's unlawful incarceration.

k. In so failing and refusing to submit their actual reasons for returning Plaintiff to prison, Defendants intentionally, maliciously, capriciously, frivolously and callously delayed, avoided, impaired and prolonged the submission of legal questions to judicial authority for the proper interpretation of statutes known by Defendants to be in question.

l. When Defendants knew, or should have known, that Plaintiff sought judicial review in this court of his mysterious return to prison, Defendants misstated Plaintiff's record and reason for incarceration by recklessly, falsely and erroneously representing Plaintiff to this court as a convicted murderer.

4

m.  In so returning Plaintiff to prison from his parole freedom, Defendants did so knowing, or when they should have known, that they were falsely, erroneously, wantonly and recklessly so returning Plaintiff to prison with their false and inaccurate denomination of Plaintiff as a parole violator by which designation Plaintiff lost for months and years of incarceration all of his previously established privileges, immunities, customs and usages of a fully compliant prisoner.

11. On and after July 12 and 19, 1995 and until released by orders of the South Carolina Supreme Court on June 11, 1999, the Defendants caused Plaintiff to be held in prison without due process and equal protection of the laws intended to protect Plaintiff and govern the Defendants and in denial of Plaintiff's rights, privileges and immunities as required by the laws of the State of South Carolina and the United States, to wit:

a. Failing to present the Plaintiff to an independent judge for bail consideration.

b. Failing to state the reasons for Plaintiff's incarceration.

c. Failing to provide notice of the time and place at which the Board would act to determine Plaintiff's status.

d. Failing to provide Plaintiff opportunity for representation at a pretense meeting when the Board allegedly acted to continue the unlawful imprisonment of Plaintiff.

e. Failing to submit to a properly constituted Board the issues for the adverse action proposed and determined against the Plaintiff.

f. Failing to allow Plaintiff legal counsel of any kind.

5

12. The acts and omissions of the Defendants were done with the intent and purpose, or with callous, reckless and intentional disregard of Plaintiff's rights and privileges to protect from, so depriving Plaintiff of his life, liberty and property, as secured to him by the United States Constitution and the laws and constitutional protections of the State of South Carolina including but not limited to his right to be secure from unreasonable seizures and his rights to equal protection and due process under the laws as guaranteed to Plaintiff by the Fourteenth Amendment of the United States Constitution.

13. The said acts and omissions of the Defendants were willful, malicious, negligent and in callous and reckless indifference to and disregard of Plaintiff's life, liberty and property and by reason of which Plaintiff is entitled to compensatory damages for his losses including the mental pain, anguish, despair and suffering of four unlawful years in the state prison, together with his loss of property and income.

14. As a direct and proximate result of the negligent, willful, wanton and reckless acts and omission of the Defendants, Defendants summarily so terminated Plaintiff's freedom without any provision or possibility for Plaintiff to attend to his affairs and property thereby resulting in Plaintiff's losing his livelihood, earnings, pension benefits and health care, automobiles, house, clothing and all of his household goods and worldly possessions.

15. As a direct and proximate result of the negligent, willful, malicious, wanton and reckless acts and omissions of the Defendants in summarily terminating Plaintiff's parole freedom by sham proceedings and illegally continuing Plaintiff's imprisonment for four years, the Defendants caused Plaintiff's loss of pension benefits and medical care under the provisions of the United States Department of

Veterans Affairs as were his entitlements as a service connected disabled veteran of the United States Navy, together with all other damages alleged herein.

16. As a direct and proximate result of the negligent, willful, wanton and reckless acts and omissions of the Defendants in summarily terminating Plaintiff's parole freedom by sham proceedings and illegally continuing Plaintiff's imprisonment for four years, the Defendants caused Plaintiff's loss of freedom and dignity as a member of society and community, together with all other damages alleged herein.

17. Plaintiff at all times has been without financial means to pay for his legal representation and Plaintiff is entitled to compensation for his attorney fees and costs in this action by law.

## SECOND CAUSE OF ACTION

### (CONSPIRACY TO DENY CIVIL RIGHTS)

Plaintiff restates all of his allegations contained above and would show for his second cause of action, as follows:

18. At all times concerned in this complaint, the Defendants or two of them, agreed and combined to accomplish the acts and omissions which constitute the denial of civil rights to the Plaintiff under color of state law, regulations, customs and usages as set forth in this complaint and which agreement and combination was furthered by an overt act or acts by one or more the Defendants or persons over whom such Defendant exercised control.

19. The said agreement and combination of the said Defendants constituted a conspiracy in violation of Title 42, Section 1985(3) of the United States Code and as a direct and proximate result of which conspiracy, the Plaintiff is entitled to the damages specified in this complaint.

7

20. Plaintiff is further entitled to his reasonable attorney fees and costs in this action for the violation of Title 42, Section 1985(3) of the United States Code.

WHEREFORE, Plaintiff prays for a jury trial and judgment against the Defendants jointly and severally for damages as they shall be determined at the trial of this case, together with attorney fees and costs and such other relief as the Court deems just.

                                      JOSEPH F. KENT, ESQ. (#6298)
                                      966 Houston Northcutt Blvd.
                                      Suite H
                                      Mt. Pleasant, SC  29464
                                      (843) 881-1991

_____, 2002                _____
Mt. Pleasant, SC                     ATTORNEY FOR PLAINTIFF

8